### PORT ROYAL & A. RY. CO. v. STATE OF SOUTH CAROLINA.

(Circuit Court, D. South Carolina. March 6, 1894.)

1. COURTS—JURISDICTION—CROSS BILL AGAINST A STATE.

   A state brought a suit in equity against certain corporations in one of her own courts. The cause was then removed to a federal court, and a cross bill was filed by one of the defendants. *Held* that, as the state had voluntarily submitted herself to the jurisdiction, and as a cross bill is not an original suit, the same could not be dismissed on the ground that suit will not lie against a state.

2. SERVICE OF PROCESS—SUBSTITUTED SERVICE ON STATE.

   When a suit is instituted by a state, and a cross bill is filed against it, it is proper to serve the state by making substituted service upon the attorney general, by whom the bill was filed.

The original bill in this case was filed in the court of common pleas for the county of Beaufort, S. C., by the state of South Carolina vs. the Port Royal & Augusta Railway Company and the Central Railroad & Banking Company. It was removed into this court, whereupon, after this removal, the cross bill was filed by the Port Royal & Augusta Railway Company. Subpoenas were issued, and the state of South Carolina was served by substituted service on the attorney general, by whom the original bill was filed. A motion is now made to set aside the service of the subpoena, and dismiss the cross bill, upon the ground that it will not lie against a sovereign state.

Mitchell & Smith and Lawton & Cunningham, for complainant.
O. W. Buchanan, Atty. Gen., and Smythe & Lee, for defendant.

SIMONTON, Circuit Judge. There can be no doubt that a suit cannot be instituted in this court against a sovereign state of the Union without its consent. The whole point, therefore, turns upon the further question, is a cross bill a suit? Story (Eq. Pl. § 399) says:

"A cross bill is a defense to an original bill, or a proceeding necessary to a complete determination of a matter already in litigation. It is treated as a mere auxiliary suit, or as a dependency upon an original suit."

A cross bill, says Mitford (Eq. Pl. 99, pp. 81, 82), is considered as a defense or as a proceeding to procure a complete determination of a matter already in litigation. Foster (Fed. Pr. § 169) gives the same definition. Daniell (Ch. Pr. [3d Eng. Ed.] 1647) gives this definition:

"As a defendant cannot pray anything in his answer except to be dismissed the court, if he has any relief to pray or discovery to seek, he must do so by a bill of his own,—what is called a 'cross bill.' A cross bill is a bill brought by a defendant against a plaintiff or other parties in a former bill depending, touching the matter in question in that bill. It is treated as a mere auxiliary suit, or as depending on the original suit, and can be sustained only on matter growing out of the original bill."

In Ayres v. Carver, 17 How. 595:

"A cross bill should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original, independent suit."

And in that case, giving the same definition of a cross bill as is given by Daniell, the supreme court, as a corollary, thereupon approve the saying of Lord Hardwicke, quoted in Field v. Schieffelin, 7 Johns. Ch. 252, "that both the original and cross bill constituted but one suit, so intimately are they connected with each other."

A sovereign state cannot be forced into court against her consent; but a cross bill presupposes that the plaintiff is already in court rightfully, and when the state comes into court of her own accord, and invokes its aid, "she is, of course, bound by all the rules established for the administration of justice between individuals." State v. Pacific Guano Co., 22 S. C. 74. Of course, she is only bound quoad the matter submitted by her in her suit. Louisiana v. Jumel, 107 U. S. 728, 2 Sup. Ct. 128. If this cross bill, on examination, be found to relate to any other matter than that contained in the original bill; if it seeks to inject new and foreign matter in the suit; if we find it abandons the proper office of defense, and seeks original and independent relief,—it is an improper cross bill, and is demurrable. We have not reached this point. The only question now before us is, can the state be called to make defense to a cross bill filed in a suit instituted by herself? As by her own volition she is already in court, and as the cross bill is but a part of the defense to her suit, ancillary to and dependent upon it, we hold that she has by her own act subjected herself to all the rules established for the administration of justice between individuals, and must make her defense to this cross bill. The mode of service adopted in this case by substitution is approved. The attorney general is the representative of the state in all matters involving her rights in a court of justice.