## TILLMAN v. DISTRICT OF COLUMBIA.

Court of Appeals of District of Columbia.

Submitted October 2, 1928.   Decided
November 5, 1928.

No. 4643.

George A. Parker, of Washington, D. C., for appellant.

Robert L. Williams and Ringgold Hart, both of Washington, D. C., for the District of Columbia.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.   This case is before the court upon exceptions to the ruling of the lower court in sustaining a general demurrer to the declaration of the plaintiff below.   The plaintiff elected to stand upon the declaration, whereupon judgment was entered against him, and he now appeals.

The declaration in substance alleged that the defendant, the District of Columbia, installed, maintained, and controlled a certain water sprinkler or shower upon one of its public streets in the city of Washington, for the comfort, amusement, and pleasure of the children of the community; that the defendant knew of the danger from passing automobiles to the life and limb of children of tender age playing around the sprinkler upon the street aforesaid; that it thereupon became the duty of defendant to provide the necessary and proper protection to children while playing under and around the sprinkler, in order to protect them from injury by passing automobiles; that notwithstanding its duty in the premises, while well knowing the danger to the life and limb of such children, among whom was the plaintiff, who was then less than nine years of age, the defendant negligently and willfully failed to provide necessary and proper protection aforesaid, and as a result of such failure the plaintiff, while playing under and around the sprinkler, was violently knocked down and crushed beneath the wheels of a passing automobile, sustaining a broken leg and other severe and permanent injuries, for which he prayed judgment in damages.   The District of Columbia is the sole defendant in the case, and the question is whether the declaration states a cause of action against it.

It is conceded that municipal corporations possess two kinds of powers and duties, the one being merely municipal for special local purposes and benefits, the other being of a public or governmental character for the general public welfare.   "It is established doctrine that when acting in good faith municipal corporations are not liable for the manner in which they exercise discretionary powers of a public or legislative character. A different rule generally prevails as to their private or corporate powers.   *   *   *   Application of these general principles to the facts of particular cases has occasioned much difficulty.   The circumstances being stated, it is not always easy to determine what power a municipal corporation is exercising."   Mr. Justice McReynolds in Harris v. District of Columbia, 256 U. S. 650, 652, 41 S. Ct. 610 (65 L. Ed. 1146, 16 A. L. R. 1471).

It is argued on behalf of the appellee that the District of Columbia, when installing, maintaining, and operating the sprinkler for the comfort, amusement, and pleasure of the children of the community, was discharging a public or governmental function, and therefore was not liable for damages at the suit of plaintiff, even if negligence were established.   On the other hand it is contended by appellant that the function thus discharged by the District of Columbia was not public or governmental in character, but

was a private municipal function for which, if negligent, the District may be held responsible.

The underlying principles which govern the subject are well stated by Chief Justice Rugg, in Bolster v. Lawrence, 225 Mass. 387, 389, 114 N. E. 722, 723 (L. R. A. 1917B, 1285), as follows:

"The municipality, in the absence of special statute imposing liability, is not liable for the tortious acts of its officers and servants in connection with the gratuitous performance of strictly public functions, imposed by mandate of the Legislature or undertaken voluntarily by its permission, from which is derived no special corporate advantage, no pecuniary profit, and no enforced contribution upon individuals particularly benefited by way of compensation for use or assessment for betterments. * * * The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit."

The court in that case accordingly held that a municipal corporation which, under authority conferred by statute, maintained a public bathhouse and its approaches, and made no charge for their use, was not liable for injuries to one properly using the facilities offered, from the giving way of the structure and its approaches by reason of the negligence of the municipal corporation or of its servants.

In Heino, Adm'r, v. City of Grand Rapids, 202 Mich. 363, 168 N. W. 512, L. R. A. 1918F, 528, it was held that a municipal corporation having constitutional and statutory authority to maintain parks at public expense for the recreation of its inhabitants is not liable for the death of a child, resulting from the negligence of its employees in not properly guarding the safety of children permitted free use of the swimming pool maintained in the park. The court held that the function performed by the municipality was public or governmental in character, and referred with approval to the opinion in Bolster v. Lawrence, supra.

In Conelly v. Nashville, 100 Tenn. 262, 46 S. W. 565, it was held that a city is not liable for negligence of the driver of a street sprinkling cart in colliding with and overturning a buggy, thereby injuring its occupant. The employee is, in such case, engaged in the performance of a governmental, not a mere ministerial, duty. In Harris v. District of Columbia, supra, it was held that the District of Columbia is not liable for personal injuries occasioned by the negligence of its employee while engaged in sprinkling streets preparatory to cleaning them. For similar rulings as to the health department see Coates v. District of Columbia, 42 App. D. C. 194; as to public schools, District of Columbia v. Tyrrell, 41 App. D. C. 463; as to fire departments, Brown v. District of Columbia, 29 App. D. C. 273, 25 L. R. A. (N. S.) 98; as to police officers, 28 Cyc. 1299.

In the instant case it appears that the sprinkler in question was voluntarily established by the District; that it was publicly maintained and operated for the comfort and pleasure of the children of the community, and served incidentally to promote the cleanliness and health of the children who made use of it; that the service was for the common good of all, and was rendered to the public without charge, and that no pecuniary profit or other special corporate advantage resulted from it, nor was any enforced contribution assessed upon individuals particularly benefited by it, by way of compensation for its use. These facts bring the case within the definition of a governmental service as laid down by Chief Justice Rugg, supra, which we approve and follow, and accordingly exempt the District from liability for the alleged negligence set out in the declaration.

The judgment of the lower court is accordingly affirmed without costs.