Stella CALOMERIS, Administratrix of the
Estate of Harry Calomeris,
Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 12522.

United States Court of Appeals
District of Columbia Circuit.

Argued May 16, 1955.

Decided July 21, 1955.

1. 96 U.S.App.D.C. ——, 226 F.2d 243 (D.C.Cir., 1955).

Mr. Charles S. Sures, Washington, D. C., for appellant.

Mr. Milton D. Korman, Asst. Corp. Counsel, with whom Mr. Vernon E. West, Corp. Counsel, Mr. Chester H. Gray, Principal Asst. Corp. Counsel, and

Messrs. Harry L. Walker and Lyman J. Umstead, Asst. Corp. Counsel, were on the brief, for appellee.

Before PRETTYMAN, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant, Stella Calomeris, is administratrix of the estate of her husband. She filed a civil action in the District Court alleging he died as the result of negligent medical treatment at the District of Columbia General Hospital, owned and operated by the District Government, a body-corporate for municipal purposes. The trial court dismissed the complaint, holding the operation of the hospital to be a governmental function and the government therefore immune to suit in respect to it.

District Judge Holtzoff disposed of the matter with a careful opinion,[1] concluding that the court "much to its regret" had no alternative but to grant the motion. We need add to his opinion only one or two observations.

■■ Care for the indigent sick is clearly a governmental function. The purpose of the General Hospital is to care for the indigent sick.[2] In each of the four statutory provisions in which Congress has authorized the admission of pay patients,[3] it has added the phrase "in so far as such admissions will not interfere with admission of indigent patients." And another statutory provision is as follows:[4]

---

1. Calomeris v. District of Columbia, D.C. 1954, 125 F.Supp. 266.

2. Schmeckebier, District of Columbia, Its Government and Administration 242–248 (Johns Hopkins Press 1928); Hearings before Subcommittee of House Committee on Appropriations on District of Columbia Appropriation Bill for 1914, 62nd Cong., 3d Sess. 225–226, 246 (1913); Hearings before Subcommittee of House Committee on Appropriations on District of Columbia Appropriation Bill for 1917, 64th Cong., 1st Sess. 431 (1916); Sen. Doc. No. 207, 69th Cong., 2d Sess., Charitable and Reformatory Institutions in the District of Columbia, 116 (1927); 2 Washington Past and Present, A History 568, 682–683 (Lewis Hist. Pub. Co. 1930); Act of June 7, 1924, 43 Stat. 568, D.C.Code §§ 32–308, 32–310 (1951); Act of Apr. 14, 1932, 47 Stat. 79, D.C.Code § 32–309 (1951); Act of June 27, 1942, 56 Stat. 441, D.C. Code § 32–326 (1951, Supp. III).

3. 43 Stat. 468 (1924), D.C.Code §§ 32–308, 32–310 (1951); 47 Stat. 79, D.C.Code § 32–309 (1951); 56 Stat. 441 (1942), D.C.Code § 32–326 (1951, Supp. III).

4. 59 Stat. 282 (1945), as amended, D.C. Code § 32–322 (1951).

"No part of any appropriation for Gallinger Municipal Hospital [now District of Columbia General Hospital] shall be used for furnishing, other than at rates prescribed by the Commissioners, clinical services, drugs, pharmaceutical preparations, or X-ray service, to persons who are not indigent, except in emergency cases or where the Commissioners determine it to be necessary in the public interest."

The Hospital was originally an adjunct to the jail, and later it was governed by the Board of Public Welfare. In 1952[5] operation of the Hospital was put in the newly-created Department of Public Health. References to the legislative history cited supra, footnote 2, make doubly clear the intent and purpose. Thus the function of the Hospital is clearly established. This court held years ago that the operation of the Hospital is a governmental function.[6]

Our appellant urges that as to a pay patient the Hospital is proprietary. But we think the nature of the function is not changed from patient to patient. A proprietary hospital would not become a governmental operation because it admitted a few indigent or charity patients. And the converse is true. The mere fact that patients who can pay, or pay in part, may be admitted so long as the admission of indigents is not impeded does not change the nature of the operation. It is clear there would be no General Hospital if there were no necessity to care for the indigent sick. That is its purpose and its function. To care for pay patients is not part of its purpose; such care is purely a collateral, incidental activity.

We do not mean to advance a generality or to suggest that the operation of any hospital by a municipality would be a governmental function. We deal with this one hospital only and conclude, as we

have indicated, that because it is for the care of the indigent sick it performs a governmental function.

 We agree with Judge Holtzoff that the defense of governmental function to a complaint for negligence, mistreatment or malpractice is "an obsolescent and dying doctrine", but we also agree with him that since it is a phase of government immunity Congress alone can replace it. We join in his suggestion that the attention of the Congress might well be directed to it. Congress did not include the District of Columbia Government in the Federal Tort Claims Act.[7]

Affirmed.

5. Under Reorganization Plan No. 5 of 1952 and Reorganization Order No. 57 thereunder, 1 D.C.Code App. (1951, Supp. III).

6. Jones v. District of Columbia, 1922, 51 App.D.C. 319, 279 F. 188.

7. Douffas v. Johnson, D.C.D.C.1949, 83 F.Supp. 644.