**CAPITAL TRANSIT COMPANY, a Corporation, Appellant,**

v.

**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.**

No. 12540.

United States Court of Appeals District of Columbia Circuit.

Argued June 10, 1955.

Decided Aug. 4, 1955.

---

1. A corporation controlled by the husband, which was made a defendant as to the

wife's property claims, joins in the appeal.

Mr. John P. Arness, with whom Mr. Paul R. Connolly, Washington, D. C., was on the brief, for appellant.

Mr. Harry L. Walker, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman and Robert D. Wise, Asst. Corp. Counsel, were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Plaintiff Daisy Broadus sued the Capital Transit Company in the District Court for personal injuries received in a collision while she was a passenger on a Capital Transit bus. Capital Transit filed a third-party complaint against the District of Columbia, appellee here, alleging that the bus had collided with an automobile owned by the District and negligently operated by its agent. Appellee moved for summary judgment, showing by affidavit that the car was being operated by a District policeman as part of his official duties. The District Court granted the motion, finding that "there is no just reason for delay," and expressly directing that judgment be entered for "the third-party defendant District of Columbia, upon the third-party complaint." Capital Transit appeals.

The District of Columbia, appellee, urges that the appeal be dismissed because there has been no "final decision" from which an appeal can properly be taken. It points out that the appellant's claim against the District is for con-

tribution, on the theory that both parties are joint tortfeasors, and that only if appellant is ultimately held to be liable to Daisy Broadus will it have any claim against the District.[1] Accordingly, it says, the order granting summary judgment is not an appealable "final decision" under 28 U.S.C. § 1291 (1952).

Rule 54(b) of the Federal Rules of Civil Procedure provides, in part:

"When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or *third-party claim*, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. * * *" As amended Dec. 27, 1946, effective March 19, 1948; emphasis supplied.

■■ The quoted Rule, we have said, "is applicable only in instances in which more than one claim for relief is presented in an action, and in which the claim upon which a final judgment is to be entered under the Rule is itself a claim distinct from the other claim or claims." Gold Seal Co. v. Weeks, 1954, 93 U.S.App.D.C. 249, 254, 209 F.2d 802, 807. In other words, notwithstanding Rule 54(b), there cannot be an appeal from an order entered upon a part of an indivisible claim. Leonidakis v. International Telecoin Corp., 2 Cir., 1953, 208 F.2d 934. There must be "multiple claims of which at least one has been adjudicated." Pabellon v. Grace Line, 2 Cir., 1951, 191 F.2d 169, 174, certiorari denied Coston Supply Co. v. Pabellon, 1951, 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669. The question is thus "whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced." Rieser v. Baltimore & Ohio R. R. Co., 2 Cir., 224 F.2d 198.[2] Third-party complaints seeking indemnity or contribution have in several instances been held to present a severable claim, capable of separate final adjudication under Rule 54 (b), Pabellon v. Grace Line, supra, or of trial separate from the principal complaint in the discretion of the District Court, Shippers Pre-Cooling Service v. Macks, 5 Cir., 1950, 181 F.2d 510, certiorari denied, 1950, 340 U.S. 816, 71 S. Ct. 45, 95 L.Ed. 599.[3] The case for severability in the present instance is strengthened by the fact that Capital Transit's third-party claim was disposed of on a point of law, namely, that the defendant municipal corporation was immune to suit. In an analogous situation, involving a counterclaim against the United States, Rule 54(b) was held applicable. Oyster Shell Products Corp. v. United States, 5 Cir., 1952, 197 F.2d 1022. And see David v. District of Columbia, 1950, 88 U.S.App.D.C. 92, 187 F. 2d 204.

Capital Transit's third-party claim that the District was negligent was thus properly held to be distinct from Daisy Broadus' claim that Capital Transit was negligent. The District Court made the necessary finding that there was "no just reason for delay," and expressly directed judgment. While this is not conclusive upon us, Gold Seal Co. v. Weeks, supra; Flegenheimer v. General Mills,

---

1. Citing Knell v. Feltman, 1949, 85 U.S. App.D.C. 22, 174 F.2d 662.

2. See also Gold Seal Co. v. Weeks, 93 U.S. App.D.C. at page 256 et seq., 209 F. 2d at page 808 et seq. As to the cause of action presented in the Rieser case the Second Circuit said:

"Far from being merely an action by a bond-obligee on his bond, it is actually that of a corporation's judgment creditors who are suing in the right of the corporation to seek redress for a series of torts alleged to have been committed by the defendant against their debtor. This seems to us clearly a case of multiple claims, where [the court] could enter final judgment upon making the appropriate determination."

3. Cf. Western Contracting Corp. v. National Surety Corp., 4 Cir., 1947, 163 F. 2d 456 (decided prior to the adoption of Rule 54(b) in its present form).

2 Cir., 1951, 191 F.2d 237, we see *no reason to disturb the court's action.*[4]

■■■ Turning to the merits of the appeal: it has long been settled that torts committed by officers and employees of the District of Columbia, in the exercise of governmental functions such as the operation of a police force, cannot be made the basis of liability in a suit against the District. See Wilson v. District of Columbia, 1949, 86 U.S.App.D.C. 28, 179 F.2d 44. Appellant urges that the doctrine of municipal immunity is obsolete and should be abolished. It also urges that the District is liable in this case by reason of the Owners' Financial Responsibility Act, D.C.Code § 40–403 (1951). The first of these complaints is one which we have said should not receive judicial correction, but should be addressed to Congress. See Wilson v. District of Columbia, supra, 86 U.S.App. D.C. at page 30, 179 F.2d at page 46. Cf. Calomeris v. District of Columbia, 96 U.S.App.D.C. ——, 226 F.2d 266, decided July 21, 1955. The second contention is novel: it seems never before to have been raised in the two decades the Financial Responsibility Act was in effect.[5] No doubt the chief reason the point has not been previously raised is because the statute contains the following definition:

> " 'Person' shall include individuals, partnerships, corporations, receivers, referees, trustees, executors, and administrators; *and shall also include the owner of any motor vehicle as requisite, but shall not include the District of Columbia.*" (Emphasis supplied.) [6]

Though this provision seems rather inartistically drafted, its purpose could only have been to exclude the District of Columbia from liability as an "owner" under the broad wording of the operative sections of the Act.[7] Nothing in the Act or the legislative history serves to contradict that purpose, or to indicate any intention on the part of Congress to subject the District (for the first time) to liability for injuries inflicted by its vehicles in the course of carrying out a governmental function.[8] We conclude, therefore, that appellant's third-party complaint was not maintainable.

The judgment of the District Court will accordingly be

Affirmed.

---

4. We recognize, of course, that as to some aspects of Rule 54(b) the Circuit Courts are in conflict. See Mackey v. Sears, Roebuck & Co., 7 Cir., 218 F.2d 295, certiorari granted, 1955, 348 U.S. 970, 75 S. Ct. 535, and cases there cited. Cf. David v. District of Columbia, supra.

5. The Financial Responsibility Act was superseded by the Motor Vehicle Safety Responsibility Act of the District of Columbia, approved May 25, 1954, and effective May 25, 1955: Public Law 365, 83d Cong., 2d Sess., ch. 222.

6. D.C.Code § 40–413(b).

7. The controlling language is found in D.C.Code § 40–403 (1951):
"Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

8. Congress had previously authorized the Commissioners of the District of Columbia to settle, in their discretion, certain claims and suits against the District, including causes of action for negligence, "irrespective of whether such negligence occurred or such acts were done in the performance of a municipal or a governmental function of said District." D.C. Code § 1–902 (1951).