Edwin M. ADAMS, Appellant,

v.

DISTRICT OF COLUMBIA, a Municipal Corporation, Appellee.

No. 1775.

Municipal Court of Appeals for the District of Columbia.

Argued April 16, 1956.

Decided May 18, 1956.

Thomas J. Ahern, Jr., Washington, D. C., for appellant.

Andrew G. Conlyn, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

The District of Columbia filed a complaint against Adams asking judgment for damages to a Police Department patrol

wagon owned by it, growing out of a collision in the District of Columbia, between its vehicle and one operated by Adams, which collision it alleged was due to his negligence.

Adams filed an answer denying negligence and asserting that the collision was due to the negligence or contributory negligence of the driver of the District vehicle; he joined with the answer a counterclaim for damages to his car, because of the alleged negligence of the driver of the District car.

The District filed a motion to dismiss or for summary judgment on the counterclaim, on the ground that the vehicle involved in the accident was at the time being used in the performance of official Police Department business and consequently was engaged in a governmental function and it was therefore immune from liability. Attached to the District's motion was an affidavit by a Private of the Metropolitan Police Department, stating that at the time of the accident, he and a fellow policeman were riding in the patrol wagon on regular business of the Police Department to answer an official police call. Adams contended that as the counterclaim was a compulsory one under Rule 13(a) of the Municipal Court Rules and that as the municipality sought the aid of the court in an attempt to recover damages to its vehicle it waived the defense of governmental function.

The trial court granted the motion and entered a final judgment for the District on the counterclaim.

Adams is appealing and raises two questions: (1) whether the required proof of an assertion of governmental function can be sustained merely by the motion to dismiss supported by affidavit without a trial on the merits of the defense and (2) whether the District waived its defense of immunity from suit by filing suit against the appellant seeking recovery of damages growing out of the same accident.

1. The motion made by the District was entitled a "Motion to Dismiss or for Summary Judgment * * *." Inasmuch as the motion was supported by an affidavit, the court was justified in treating it as a motion for summary judgment and disposing of it as provided in Rule 56.[1] Under that Rule, the court could summarily rule in favor of the moving party if it found there was no genuine issue as to any material fact concerning the use of the District's vehicle.

Rule 56 of the trial court follows almost verbatim Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and it is established law that a summary judgment may be entered in accordance with this procedure without the taking of testimony.[2]

Undoubtedly, counsel for Adams would have been permitted to file a counter-affidavit and if that document showed a genuine issue of fact, the motion of the District should have been denied and a trial on the truth of the facts had; but no such counter-affidavit or other pleading was filed.

We, therefore, hold that the trial judge had the right to decide the factual question in favor of the District; whether the court's legal conclusion from the facts was correct, we now discuss.

2. Adams contends the trial court should have denied the District's motion because, as a matter of law, the District waived its immunity from suit by voluntarily submitting to the jurisdiction of the court below. While our Code, § 1–102, constitutes the District of Columbia a body-corporate which may sue and be sued, our courts in a long line of decisions have been consistent in their holding that the District is not liable on claims which arise out of its performance of governmental as distinguished from corporate or proprietary functions.[3] And this court has expressly ruled that the maintenance of a police force

1. Rule 12(c), Municipal Court.

2. See 3 Barron & Holtzoff, Federal Practice and Procedure, § 1236, p. 89 et seq., and cases cited.

3. Calomeris v. District of Columbia, 96 U.S.App.D.C. 364, 226 F.2d 266.

is clearly a governmental function.[4] But here, the District is the moving party. It has chosen to prosecute its claim against a private citizen and the question with which we are presented is whether by its decision, it has waived the immunity it would otherwise have against Adams' claim had the latter sued the District in an original action.

The answer is not easily reached. Our courts have not had occasion to consider the question and those jurisdictions which have are in conflict.[5] The prevailing view, however, appears to be that by voluntarily submitting to a court's jurisdiction, the sovereign exposes itself to counterclaims by way of recoupment which arise out of the same circumstances which form the basis of the government's claim at least to the extent that such adverse claims do not exceed the amount claimed by the government.[6]

However meritorious the view expressed in the foregoing cases, it is not helpful to us in the present controversy because here we have no question of recoupment; we are dealing with two mutually exclusive claims, and Congress has clearly set out the procedure under which claims against the municipality may be processed and settled and the extent to which the District may be adjudged liable; it did so long after the doctrine of immunity arising from the performance of governmental functions was settled law in this District. As far back as 1907 the highest court in this jurisdiction adhered to this doctrine;[7] this view has been consistently followed ever since.[8]

Congress has legislated twice on this general subject subsequent to the recognition of the non-liability theory by the courts in this jurisdiction. In 1929, our Code, §§ 1–902 to 905, granted to the Commissioners of the District power to settle, without suit, certain types of claims of the citizen; it not only explicitly made it discretionary for the Commissioners to act, but also retained any defenses that had theretofore been available to the District, thus continuing to recognize the immunity doctrine.

It again acted in 1933 when it gave the District additional protection in suits involving unliquidated damages when it required claimants, as a condition precedent to filing suit, to give written notice of the claim to the Commissioners "within six

---

4. Savage v. District of Columbia, D.C. Mun.App., 52 A.2d 120.

5. See, State v. Arkansas Brick & Mfg. Co., 98 Ark. 125, 135 S.W. 843, 33 L.R.A., N.S., 376; State v. F. W. Fitch Co., 236 Iowa 208, 17 N.W.2d 380; Nicholoulias v. Regent Restaurant, 175 Misc. 526, 25 N.Y.S.2d 181; Scates v. Board of Com'rs of Union City, 196 Tenn. 274, 265 S.W.2d 563; and Commonwealth of Massachusetts v. Davis, Tex.Civ.App., 160 S.W.2d 543, certiorari denied 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848, rehearing denied 320 U.S. 811, 64 S.Ct. 31, 88 L.Ed. 490.

6. In re Monongahela Rye Liquors, 3 Cir., 141 F.2d 864; French Republic v. Inland Nav. Co., D.C., 263 F. 410; Port Royal & A. Ry. Co. v. State of South Carolina, C.C., 60 F. 552; State v. Arkansas Brick & Mfg. Co., supra; State v. Schurz, 143 Minn. 218, 173 N.W. 408; State ex rel. Young v. Holgate, 107 Minn. 71, 119 N.W. 792; Commonwealth v. Berks County, 364 Pa. 447, 72 A.2d 129.

Cf. State v. Hartford Accident & Indemnity Co., 136 Conn. 157, 70 A.2d 109; Commonwealth of Massachusetts v. Davis, supra; and State, by Davis v. Ruthbell Coal Co., 133 W.Va. 319, 56 S.E.2d 549, which suggest that even affirmative relief may be allowed.

7. Brown v. District of Columbia, 29 App. D.C. 273, 25 L.R.A.,N.S., 98.

8. Harris v. District of Columbia, 256 U.S. 650, 41 S.Ct. 610, 65 L.Ed. 1146; District of Columbia v. Woodbury, 136 U.S. 450, 10 S.Ct. 990, 34 L.Ed. 472; Barnes v. District of Columbia, 91 U.S. 540; Calomeris v. District of Columbia, supra; Wilson v. District of Columbia, 86 U.S. App.D.C. 28, 179 F.2d 44; District of Columbia v. May, 63 App.D.C. 10, 68 F. 2d 755; Tillman v. District of Columbia, 58 App.D.C. 242, 29 F.2d 442; Coates v. District of Columbia, 42 App.D.C. 194; District of Columbia v. Tyrrell, 41 App. D.C. 463; Brown v. District of Columbia, supra; Roberson v. District of Columbia, D.C.Mun.App., 86 A.2d 536; Savage v. District of Columbia, supra.

months after the injury or damage was sustained," Code, § 12–208.

Thus, Congress, while legislating in the matter of claims by citizens against the District, has clearly shown that it had no intention to disturb or weaken the immunity doctrine; this doctrine existed at common law, judicial decisions in this jurisdiction have consistently recognized it, there has been no statutory change and we are not prepared to detract from its operation by indirection.

Affirmed.