Eva C. BOOTH, Appellant,

v.

DISTRICT OF COLUMBIA,
Appellee.

No. 13126.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 1, 1956.

Decided Nov. 1, 1956.

Mr. Milton Dunn, Washington, D. C., with whom Mr. I. Irwin Bolotin, Washington, D. C., was on the brief, for appellant.

Mr. Lyman J. Umstead, Asst. Corporation Counsel for the District of Columbia, with whom Mr. Vernon E. West, Corporation Counsel at the time of argument, Mr. Chester H. Gray, Corporation Counsel, Mr. Milton D. Korman, Principal Asst. Corporation Counsel, and Mr. Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee. Mr. William W. Pavis, Asst. Corporation Counsel, also entered an appearance for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Our appellant, Eva C. Booth, brought a civil action for damages against the District of Columbia. The trial court granted the District's motion for a directed verdict upon plaintiff's opening statement. Plaintiff appealed.

The events from which the suit arose occurred in the summer of 1951. Plaintiff was driving her automobile south on Fourth Street, Northwest. As she entered the intersection at Ingraham Street her car was caught in a swift and deep current of flood water caused by a heavy summer rainstorm. The car was swept against a telephone pole, and as plaintiff attempted to escape she was trapped by the car door and lost consciousness. A police sergeant freed her from the car but lost his grip, and she floated, unconscious, toward the intersection of Fifth and Ingraham Streets,

**438**

where the same policeman successfully effected her rescue. She suffered physical injuries and property damage. She alleged that similar floods at that intersection were frequent and that the municipal authorities were well aware of the situation.

Two theories of negligence were advanced on behalf of plaintiff. One was that the District had maintained a nuisance which it failed to abate, in that it had failed to provide a sewer system adequate to carry off heavy summer rains quickly enough to avoid flooding. The other theory was that the District was negligent in its duty to keep its streets in a reasonably safe condition.

■ Johnston v. District of Columbia [1] established that the District is not liable for damages from surface water which backed up on private real property. The landowner's theory was that the District is liable for its failure to provide an adequate sewer system. The Supreme Court affirmed denial of recovery on that theory. The Court held that the District has a large measure of discretion in the planning and adoption of such a system and established that a claim for damages based solely upon an alleged failure of adequate sewer planning will not lie. The Johnston case disposes of plaintiff's first theory in the case at bar. She cannot recover upon that basis.

■ But Johnston does not hold that the District is relieved of other duties which may incidentally involve sewers. If the District fails to perform some duty for which it is liable in damages, it is not absolved merely because its failure may involve sewers. A noteworthy aspect of Johnston is the distinction made by the Court of the earlier cases of Barnes v. District of Columbia [2] and Weightman v. Corporation of Washing-

ton.[3] Liability of the municipality was upheld in those cases. The Court commented in Johnston, "The question in judgment [in Barnes and Weightman] was of municipal liability, not for an injury to property by a sewer, but for a personal injury to a traveller by a want of repair in the highway, a question not now before us." Johnston also recognized that a municipality may be liable for negligence in the construction of a sewer in accordance with the general plan or for negligent failure to keep that sewer in good repair.

■ This brings us to plaintiff's second theory of negligence, that the District failed to maintain its streets in a reasonably safe condition. That such a duty rests upon the municipality is abundantly clear.[4] The question which arises is this: Is the District liable for failure to maintain its streets in a reasonably safe condition when that failure is attributable to a defect in a general plan of improvement in the formulation and adoption of which the municipality has discretion? This question has been answered by this court in the affirmative. In District of Columbia v. Caton [5] a street railway company formulated, and the District approved and supervised, the plan of construction of a new street railway line. The plan called for light metal rails to be fastened to the ties between and at right angles to the tracks, leaving a space of about three inches between the tracks and either end of the transverse rail. These rails were placed at intervals of fifty feet on heavy grades to prevent washouts. The wheel of the plaintiff's wagon caught in the space between one of these rails and the track, and the plaintiff was thrown from the wagon and injured. He sued both the railway company and the District. With

1. 118 U.S. 19, 6 S.Ct. 923, 30 L.Ed. 75 (1886).

2. 91 U.S. 540, 23 L.Ed. 440 (1875).

3. 1 Black 39, 66 U.S. 39, 17 L.Ed. 52 (1861).

4. See, e. g., Weightman v. Corporation of Washington, supra; Barnes v. District of Columbia, supra; District of Colum-

bia v. Woodbury, 1890, 136 U.S. 450, 10 S.Ct. 990, 34 L.Ed. 472; Smith v. District of Columbia, 89 U.S.App.D.C. 7, 189 F.2d 671, 39 A.L.R.2d 773 (D.C. Cir.1951); Lyons v. District of Columbia, 93 U.S.App.D.C. 278, 214 F.2d 203 (D.C.Cir.1954).

5. 48 App.D.C. 96 (1918).

regard to the liability of the District this court pointed out that the plan must be regarded as a general plan for the improvement of the District, just as if the District had initially formulated it. The court, citing the Johnston case, said that the District is not liable for an error of judgment in adopting such a general plan of public improvement. The court explicitly placed the questioned plan of improvement in the same category as a sewer system plan. But nevertheless the court found the District chargeable with a liability "arising primarily from the paramount duty imposed upon it of maintaining the streets in reasonably safe condition." [6] The court continued:

"Having adopted a plan and created an existing condition on the street in pursuance thereof, if it subsequently appears that the condition thus created renders the street unsafe, the District must go further and perform the duty cast upon it, growing out of its general supervision of the streets, to exercise ordinary care and take the necessary additional steps to make the street, thus encumbered with the product of its plan, reasonably safe for travel. [Citing cases.]

"We think the duty imposed upon the District to keep the streets in reasonably safe condition is controlling, whether a dangerous condition is the result of a general plan of improvement, or not. *The action is not for negligence because of a defective plan, but for maintaining the streets in an unsafe condition.*" (Emphasis supplied.) [7]

The court then went on to state that in its view the District would be liable if its sewer system were so constructed as to create on our streets a dangerous condition which caused injury to one using the streets. It said:

"For example, a general plan for a sewer system may be adopted; but, in its construction, let us assume

that the tops of the manholes in the street are sunk a foot below the surface of the pavement, creating a hole or depression, and as a result thereof a person sustains injury. The action would not be based upon a defective plan, or, technically speaking, upon the defective construction of the sewer, but upon the negligence of the municipal authorities in permitting a dangerous condition to exist in the street, as the result of defective construction." [8]

The holding in Caton is controlling in the instant case. If it can be shown to the satisfaction of the jury that the District negligently failed to keep the streets here involved in a reasonably safe condition, then the District may be liable to plaintiff Booth. The fact that the dangerous condition in the streets, if found to exist, was attributable to a defective sewer plan does not affect the District's liability for resultant damages.

The judgment of the District Court is reversed and the case remanded for further proceedings.

Reversed and remanded.

---

6. Id. at page 106.

7. Id. at pages 106–107.

8. Id. at page 107.