William E. SCULL et al., Appellants,

v.

The DISTRICT OF COLUMBIA, a Municipal Corporation, et al., Appellees.

No. 13939.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 1, 1957.

Decided Dec. 5, 1957.

Mr. Arthur S. Feld, Washington, D. C., with whom Messrs. Joseph D. Bulman and John E. Lappin, Washington, D. C., were on the brief, for appellants.

Messrs. Sidney M. Goldstein and Samuel Z. Goldman, Washington, D. C., also entered appearances for appellants.

Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for appellees.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

The issue on this appeal is whether the District of Columbia may be held liable for the negligent operation of a motor vehicle by an employee of the District Government, in connection with the installation of water mains.

The complaint alleged that plaintiffs-appellants were injured on November 14, 1956, in a collision between Mr. Scull's car and a city-owned vehicle driven negligently by one Pimble while performing his tasks as a city employee. Pimble worked for the Sewer Operations Division of the Department of Sanitary Engineering, a department of the District Government. The vehicle was driven by Pimble in connection with the installation of water mains by the Department. Before answer, the District moved for summary judgment, pleading governmental immunity. The District Court granted summary judgment for appellees, stating:

"The issue plainly then is whether a water department, so-called, is legally a proprietary or a governmen-

tal function in the District of Columbia. * * * There are no cases in this jurisdiction on this specific set of facts. * * * Certainly the District of Columbia is a municipal entity which by necessity has to maintain a water department and which must perforce be regarded as a governmental function. Its only purpose is for the protection of the community and the fulfillment of its needs. It is for the common good of all and no pecuniary profit or special corporate benefit accrues or is desired." [1]

 We agree with the District Court that for tort liability purposes, if the installation of water mains is a "governmental" function when performed by the District of Columbia, the District is not subject to suit.[2] And, as the court pointed out, there are no direct precedents. But it is clear that the District has no immunity from the consequences of its negligent operation of the sewerage department. Koontz v. District of Columbia, 1904, 24 App.D.C. 59; Booth v. District of Columbia, 1956, 100 U.S. App.D.C. 32, 241 F.2d 437. It seems to us to follow that there is no immunity from the consequences of negligence in the installation of water mains. We cannot, consistent with rationality, make any meaningful distinction between the negligence of servants of the District in regard to the installation and maintenance of sewers, and negligence in regard to the instant operations in connection with the installation and maintenance of water mains. This is all the more evident since sewage disposal much more closely partakes of a governmental function than does the supplying of water.[3] Sewage is disposed of by the city at no direct cost to members of the public, whereas only those who pay can be supplied with water. D.C.Code §§ 43–1520–21 (1951), as amended, 68 Stat. 102 (1954); cf. Tillman v. District of Columbia, 1928, 58 App.D.C. 242, 243, 29 F.2d 442, 443.

The circumstance that the municipality is not permitted by the Code to make a profit on water sold within the District, D.C.Code, § 43–1522 (1951), does not convert the function of selling water into a purely governmental one, such as providing a police force for the protection of all.[4] It is common knowledge that in many communities local water supply is wholly a private affair.

This is not a situation—as was Calomeris, supra—in which we must await expression from Congress if liability is to be imposed. In this case the common law, as previously interpreted by this

1. The District Court relied on Brush v. Commissioner, 1937, 300 U.S. 352, 57 S. Ct. 495, 81 L.Ed. 691, which held that, under the then applicable Federal income tax regulation, New York City's water department was an essential governmental function, and thus its employees were immune from Federal income tax. It is undisputed that the holding of Brush was short-lived. See Helvering v. Gerhardt, 1938, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427; Graves v. People of State of New York ex rel. O'Keefe, 1939, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927. And even in Brush, the Court specifically noted that the rule in tort cases was irrelevant to its decision there on an intergovernmental tax matter.

2. We are bound to honor this distinction between governmental and proprietary functions, see Tillman v. District of Columbia, 1928, 58 App.D.C. 242, 29 F.2d 442; Calomeris v. District of Columbia, 1955, 96 U.S.App.D.C. 364, 226 F.2d 266, although the dichotomy has been soundly criticized. See 2 Harper & James, The Law of Torts § 29.6 (1956); Prosser, Law of Torts at 774–80 (1955). See also Justice Hitz's dissenting opinion in District of Columbia v. May, 1933, 63 App.D.C. 10, at page 11, 68 F.2d 755, at page 756.

3. Cf. City of Trenton v. State of New Jersey, 1923, 262 U.S. 182, 191, 43 S.Ct. 534, 538, 67 L.Ed. 937: "[Municipalities] have been held liable when such acts or omissions occur in the exercise of the power to build and maintain bridges, streets and highways, and waterworks, construct sewers, collect refuse and care for the dump where it is deposited." (Emphasis supplied.)

4. Cf. Capital Transit Co. v. District of Columbia, 1955, 96 U.S.App.D.C. 199, 225 F.2d 38.

court, provides a sufficient answer. But it seems well to repeat what we said in Calomeris—that "the defense of governmental function to a complaint for negligence * * * is 'an obsolescent and dying doctrine' [and] * * * the attention of the Congress might well be directed to it." [96 U.S.App.D.C. 364, 226 F.2d 268.]

Reversed.