Louise Kinsey **BARR**, Plaintiff,

v.

The **DISTRICT OF COLUMBIA**, A Municipal Corporation, Defendant.

Civ. A. No. 4119-61.

United States District Court
D. Columbia.

March 1, 1962.

John J. Spriggs, Jr., Washington, D. C., for plaintiff.

Chester H. Gray, Corp. Counsel, John A. Earnest, Asst. Corp. Counsel, William F. Patten, Asst. Corp. Counsel, Washington, D. C., for District of Columbia.

SIRICA, District Judge.

This matter is before the Court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. A hearing on the motion was held on February 16, 1962.

For the purpose of this motion the Court must accept as true every well pleaded material allegation of fact set forth in the complaint,[1] but if it is obvious from the complaint that plaintiff could not prove facts supporting her claim which would entitle her to relief, then the complaint should be dismissed.[2]

Therefore, the question for the Court to decide is whether the complaint states a claim upon which relief can be granted.

It alleges in substance that the defendant District of Columbia, hereinafter referred to as the District, is the owner and trainer of a police dog in the

---

1. King Edward Employees Fed. Credit Union v. Travelers Indem. Co., 206 F.2d 726 (5th Cir.1953) ; Ledbetter v. Farmers Bank & Trust Co., 142 F.2d 147 (4th Cir.), cert. denied, 323 U.S. 719, 65 S.Ct. 48, 89 L.Ed. 578 (1944).

2. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

District of Columbia for the purpose of detecting and preventing crime; that the dog was specially trained to attack certain human beings on the public streets of the District and was, therefore, known or should have been known by the defendant to be of a vicious nature and disposition if allowed to run unattended upon any public thoroughfare in the District; that on April 11, 1961 the District was in charge of the dog and was negligently maintaining it in a home adjacent to the sidewalk near 1739 Park Road, N.W.; that the dog at that time and place was not on a leash or under any form of restraint, other than an inadequate fence around the yard where it was allowed to roam unattended; that on April 11, 1961 the plaintiff was walking her small dog on the sidewalk adjacent to 1739 Park Road, N.W., when the dog suddenly jumped the fence and viciously attacked the plaintiff and her dog, as a result of which she sustained certain injuries and damages.

It appears that even though the District had trained the dog to attack humans, it had been restrained only by a fence which apparently it was able to jump over with ease.

The plaintiff contends that the failure of the District to properly restrain the dog under the facts alleged in the complaint constitutes actionable negligence.

In support of its motion to dismiss, the District takes the position that the activity which caused plaintiff's injuries was done in the performance of a governmental function and that the District is not liable for torts committed by members of its Police Department. Evidently this would include dogs of the canine corps.

The principal case upon which the District relies is Capital Transit Co. v. District of Columbia, 96 U.S.App.D.C. 199, 202, 225 F.2d 38, 41 (1955), wherein the Court observed that "it has long been settled that torts committed by officers and employees of the District of Columbia, in the exercise of governmental functions such as the operation of a police force, cannot be made the basis of liability in a suit against the District." In that case, a District policeman was operating a patrol car "as part of his official duties" and allegedly, through negligence, caused a collision with plaintiff's bus. The Court declined to alter the municipal immunity doctrine by judicial correction and also explained that section 403 of the then Owners' Financial Responsibility Act, D.C.Code § 40–401 to 40–416 (1951), imputed no liability to the District.

Although the public may not recover damages from the District of Columbia for the torts committed by its Police Department officers and agents while pursuing official duties, this immunity is not absolute. The historic concept of sovereign immunity is waning. "[T]he defense of governmental function to a complaint for negligence, mistreatment or malpractice is 'an obsolescent and dying doctrine' * * *." Calomeris v. District of Columbia, 96 U.S.App.D.C. 364, 366, 226 F.2d 266, 268 (1955). Liability can be established in the interpretation of statutes,[3] or through the creation of factual exceptions, and no longer is there a criterion that the municipality must be engaged in a profit making activity. Scull v. District of Columbia, 102 U.S.App.D.C. 104, 250 F.2d 767 (1957), cert. denied, 356 U.S. 920, 78 S.Ct. 703, 2 L.Ed.2d 715 (1958).

The District of Columbia is subject to suit if it negligently fails to keep its

---

3. Since Capital Transit Co. v. District of Columbia, 96 U.S.App.D.C. 199, 225 F.2d 38 (1955), the Owners' Financial Responsibility Act, known now as the Motor Vehicle Safety Responsibility Act, has been amended so that no longer is the District of Columbia specifically excluded as a "person" subject to the Act. D.C.Code, § 40–418(h) (1961). This change has apparently led the District to assume that the Act now applies to it. District of Columbia v. Abramson, 148 A.2d 578 (D.C.Mun.App.1959).

streets in a reasonably safe condition. Booth v. District of Columbia, 100 U.S. App.D.C. 32, 241 F.2d 437 (1956). The District has been found to be subject to liability as a result of agents of its Police Department negligently removing private property from a public sidewalk. Wilson v. Bittinger, 104 U.S.App. D.C. 403, 262 F.2d 714 (1958).

In Roth v. District of Columbia, 16 App.D.C. 323 (1900), the municipality maintained a stable for the ambulance service of its Police Department and suit was brought for a nuisance consisting of unwholesome odors, loud noises, swarms of flies and vermin, and the like, emanating from the premises. To the defense of governmental immunity the Court answered:

> "[I]t is very clear to us that the maintenance of a nuisance, such as is here alleged and complained of, is not a governmental function. If it be granted that the duties of the police force are mainly and even exclusively public and governmental, it does not follow, upon any principle of sound reasoning, that the houses to which they resort when they are not in the performance of any such duty, or the appliances which are contained in such houses, should be permitted to become a nuisance detrimental to health. The performance of their public duties does not require the perpetration of a nuisance by them. On the contrary, the abatement of nuisances is part of their duty, and part of the duty of the municipality; and

we would regard it as an absurdity to assume that their public duties could not be performed without the commission of a nuisance." Id. at 335.

The Court recognizes the valuable contribution to law enforcement which has been made by the canine corps of the Metropolitan Police Department. An attack by a dog in attempting to apprehend a criminal suspect or while engaged in making official rounds with its master probably would not subject the District of Columbia to liability, under the present governing case law, but the Court does not feel that governmental immunity extends to personal injuries inflicted by such animals when not in pursuit of official duties. Even though the keeping of a dog in the home and yard of its policeman-master during off-duty hours may contribute considerably to the necessary faithfulness and obedience of the animal to its master, as the District urged during the oral hearing of this motion, the Court feels that the negligent maintenance of a dog under such minimum restraints as would allow it to assault innocent passers-by on public sidewalks or streets is not a governmental function.

However, the Court does not wish to suggest that the facts set forth in the complaint are true nor that the District was negligent. The Court holds that the complaint states a claim upon which relief can be granted. The motion to dismiss is denied. Counsel will submit an appropriate order.