**GEE GEE REALTY CORPORATION,**
Appellant,

v.

**DISTRICT OF COLUMBIA, a municipal
corporation, Appellee.**

No. 3409.

District of Columbia Court of Appeals.

Argued Feb. 3, 1964.

Decided May 14, 1964.

———♦———

William F. Reed, Washington, D. C., with whom Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., were on the brief, for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

This appeal is from an order granting a motion to dismiss a complaint. Taking, as must be done, the allegations of the complaint to be true, the facts are these. Plaintiff, now appellant, was engaged in the construction of a restaurant on South Dakota Avenue in the District of Columbia. In connection with the construction, plaintiff submitted to the District of Columbia plans for a proposed drainage system. The District approved the plans and directed plaintiff to install a drainage pipe from the premises to connect with a twenty-four inch storm sewer located beneath the surface of South Dakota Avenue at a point opposite the premises. A permit authorizing the connection was issued by the District. Upon completion of the necessary excavation to the point where connection with a sewer was to be made, appellant discovered there was no storm sewer under South Dakota Avenue. As a result appellant was forced to abandon its planned system of drainage, refill the excavation, and design

and construct a different system for drainage disposal. As a result plaintiff was damaged to the extent of nearly $2,000.

The basis of the motion to dismiss was that in issuing a certificate of storm sewer availability the District of Columbia was performing a governmental function and was immune from responding in damages for any negligence in connection therewith. The trial court agreed with the District and granted the motion.

■ In considering the question presented we start with two basic propositions. First, the District of Columbia is liable for negligence in the performance of a proprietary function, but is immune from liability in the performance of a governmental function;[1] and, second, that the construction and maintenance of a sewer system is a proprietary function.[2] The question before us is whether the action complained of occurred in the performance of a governmental or proprietary function.

It is the District's contention that the present action is one for negligence of one of its employees "inextricably intwined with the issuance of a permit," and that the grant, denial or revocation of a permit is a governmental function. Appellant contends that the giving of directions with respect to the physical location of a specific sewer is an act or duty encompassed in the construction and maintenance of the sewer system, and therefore is an act in the performance of a proprietary function.

■ We agree with appellant. The construction and maintenance of a sewer system necessarily requires a knowledge of the location of the various parts of the system. One of the functions of the Department of Sanitary Engineering is to keep current system maps and other records, and to inform the public regarding available sewer services.[3] Owners of property are required to use the sewer system, when available, for drainage purposes.[4] It is our conclusion that the furnishing of information to the public as to the existence and availability of a sewer line is an act so connected with the construction, maintenance and operation of the sewer system as to be a part of it, and that the negligent furnishing of false information respecting the location of a sewer line comes within the rule "that the District has no immunity from the consequences of its negligent operation of the sewerage department."[5]

■ With respect to the District's contention that it is not liable for negligently issuing a permit, it should be observed that the issuance of many types of permits requires the exercise of judgment or discretion, but the mistake here involved neither judgment nor discretion. The existence or nonexistence of the sewer was simply a question of fact, and ascertaining that fact was a mere ministerial act.

Reversed and remanded for further proceedings in accordance with this opinion.

1. Calomeris v. District of Columbia, 96 U.S.App.D.C. 364, 226 F.2d 266 (1955); Wilson v. District of Columbia, 86 U.S. App.D.C. 28, 179 F.2d 44 (1949); Adams v. District of Columbia, D.C.Mun.App., 122 A.2d 765 (1956).

2. Johnston v. District of Columbia, 118 U. S. 19 (1886); Booth v. District of Columbia, 100 U.S.App.D.C. 32, 241 F.2d 437 (1956); Scull v. District of Columbia, 102 U.S.App.D.C. 104, 250 F.2d 767 (1957), cert. denied 356 U.S. 920, 78 S. Ct. 703, 2 L.Ed.2d 715.

3. Reorganization Order No. 28, Part IV, B (7), (10).

4. Code 1961, 6-401.

5. Scull v. District of Columbia, 102 U.S. App.D.C. 104, 105, 250 F.2d 767, 768 (1957), cert. denied 356 U.S. 920, 78 S. Ct. 703, 2 L.Ed.2d 75.