The conditional findings re patent misuse are supplanted by the views here expressed.

**WESTMINSTER INVESTING CORPO-RATION, Plaintiff,**

v.

**G. C. MURPHY COMPANY, Defendant and Third-Party Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Third-Party Defendant.**

Civ. A. No. 1802–68.

United States District Court
District of Columbia.

Memorandum-Order Feb. 17, 1969.

As Amended March 10, 1969.

Edmund D. Campbell, Washington, D. C., for plaintiff.

Thomas M. O'Malley, Washington, D. C., for defendant.

John H. Suda, Asst. Corporation Counsel, D. C., for third-party defendant.

ORDER

GASCH, District Judge.

MEMORANDUM ORDER

This case is before the Court on cross motions for a summary judgment of plaintiff's declaratory judgment action and on the motion by the District of Columbia to dismiss the third-party complaint filed against it. Plaintiff is

the lessor, defendant the lessee, of certain premises destroyed in the April, 1968, riots. Defendant was required by the lease to insure the premises, to rebuild them in the event of destruction and to pay rent and taxes on them.

■ Defendant's position is two-pronged. First, it asserts that the destruction of the premises was not caused by "fire" within the meaning of the lease agreement's provisions respecting reconstruction. Rather, defendant argues the cause of the destruction was the April 1968 riots. Plaintiff contends that the possibility of fire resulting from riot was contemplated in the lease and in fact defendant included such protection by means of "extended coverage" insurance. The Court agrees that the word "fire" in the lease contemplated loss resulting from burning, regardless of how the fire was started (except, of course, deliberate arson on the part of the parties to the agreement).

Second, defendant pleads that it should be relieved of the contractual responsibility for reconstructing on the grounds of impossibility of performance. Defendant argues it will be impossible to acquire further insurance protection,[1] and accordingly, it would not be feasible to rebuild in the present atmosphere of danger and tension. Defendant cites public statements of certain members of the black community to the effect that any white businessmen who attempt to rebuild their businesses in this area will see them burned again.

■ The far-reaching consequences of accepting defendant's position are at once apparent. To hold that the threat of law violations, even under extreme circumstances such as these, renders performance of a contract impossible would with one broad sweep vitiate most agreements respecting commercial operations in the inner city. We still live in a system where man's affairs are governed by law, and lawfully constituted authorities are still in power. There may be risks in defendant's continued business operations, but there is no preclusion or impossibility of performance in the legal sense. Transatlantic Financing Corporation v. United States, 124 U.S.App. D.C. 183, 186, 363 F.2d 312 (1966).

■ Defendant's third party complaint against the District of Columbia derives from its claim that the failure of District officials to protect its property from destruction renders the municipality liable under the lease agreement. The District of Columbia has moved to dismiss, and the motion must be granted. It is clear that some erosion of the doctrine of municipal immunity has taken place. In choosing to handle the riot situation in the manner they did, however, municipal officials were exercising discretion[2] in the performance of a governmental function.[3] In this instance, the broad policy decision which led to the deployment of groups of policemen in an effort to maintain law and order throughout the area and the instructions issued to them are discretionary and not ministerial. They do not give rise to civil liability, even if as a consequence thereof, plaintiff's property sustained damage through negligence.[4]

The Court holds that there is no genuine issue of material fact in dispute.

1. In oral argument, plaintiff's counsel drew the Court's attention to P.L. 90–448, Title XII, the District of Columbia Insurance Placement Act, 82 Stat. 567, one of the specified purposes of which is (2) "to assure the availability of basic property insurance as defined by this title; * * *."

2. See Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953) (the Texas City disaster case), wherein the Supreme Court recognized the exercise of discretion as an exception to the government's liability under the Federal Tort Claims Act.

3. Urow v. District of Columbia, 114 U.S. App.D.C. 350, 316 F.2d 351 (1963).

4. See also Capital Transit Co. v. District of Columbia, 96 U.S.App.D.C. 199, 225 F.2d 38 (1955); Elgin v. District of Columbia, 119 U.S.App.D.C. 116, 119, 337 F.2d 152 (1964).

Even if the facts are as alleged by the defendant, it is still bound to perform in accordance with the lease agreement. Defendant's case against the District of Columbia fails to state a claim on which relief can be granted. Wherefore, plaintiff's motion for summary judgment is granted, defendant's motion for summary judgment is overruled, and the District of Columbia's motion to dismiss the third party complaint and to dismiss the separate complaint against the third party defendant is granted.

It is so ordered.