**DISTRICT OF COLUMBIA, a municipal corporation, Appellant,**

v.

**Louis E. WEISS, Appellee.**

**No. 4903.**

District of Columbia Court of Appeals.

Argued Jan. 20, 1970.

Decided March 31, 1970.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

Jay S. Weiss, Washington, D.C., for appellee.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge.

During 1960 appellee's son received medical treatment for tuberculosis at the Glenn Dale Hospital, which is operated by the District of Columbia to provide medical assistance to persons suffering from communicable diseases,[1] for the most part

---

5. *Id.*; D.C.Code 1967, §§ 28–3303, 3305.

1. D.C.Code 1967, § 6–117.

indigents.[2] Paying patients are admitted when this will not interfere with the admission of indigent patients. Appellee contracted to pay for these services, and was billed accordingly. This breach of contract action was commenced by the District on February 24, 1965, because of appellee's failure to pay the bill.

Appellee's answer denied any indebtedness, and was later amended to admit the existence of an agreement to pay only $189 for the treatment received, an amount far less than that sought by the city. The "supplemental answer" also raised the statute of limitations[3] as an affirmative defense, since the suit was filed some four and one-half years after the cause of action accrued. Appellee moved for summary judgment on this latter ground. On behalf of the city, it was argued that the statute of limitations did not constitute a bar to suit since a public right was asserted.

The trial court, by written opinion, granted appellee's motion and dismissed the action, concluding that the government was attempting to enforce a private contractual right against appellee, based on its view that the hospital's function is proprietary as to paying patients. We do not agree.

■ Whether a municipal instrumentality having the purpose served by the Glenn Dale Hospital is exercising a public function cannot depend on the paying or non-paying status of a patient. The consideration that paying patients may be admitted if this does not impede the care of indigent patients does not change the nature of the operation. Calomeris v. District of Columbia, 96 U.S.App.D.C. 364, 226 F.2d 266 (1955).[4] We may notice that the control of such communicable diseases as tuberculosis benefits not only the victim, but also the public health. Thus, having expended public monies for a public purpose, the District is here asserting a public right, albeit based on a contract between it and appellee. Consequently, we accept the District's contention that the hospital, established by Congress for the treatment of persons suffering from communicable diseases, performs a public function.

■ The rule that a governmental body asserting a public right is not bound by the statute of limitations is one of ancient origin. United States v. 93 Court Corp., 350 F.2d 386, 388 (2d Cir. 1965), cert. denied, 382 U.S. 984, 86 S.Ct. 560, 15 L.Ed.2d 473 (1966). Of its basis, one court has said:

It springs from the superior and preeminent policy to preserve public rights, revenues and property from injury and loss otherwise resulting from the inadvertence or neglect of public agents. In a representative government under which the people act only through the authority delegated to their agents, the reasons for the application of the doctrine continue to be cogent.

Trustees, etc. v. Ott & Brewer Co., 135 N.J.Eq. 174, 177–178, 37 A.2d 832, 834 (1944). Accord, State v. Owen, 41 A.2d 809, 23 N.J.Misc. 123 (1945). See also 93 Court Corp., supra 350 F.2d at 388–389.

2. D.C.Code 1967, § 32–310.

3. D.C.Code 1967, § 12–301(7).

4. We agree with the government's position at oral argument that Calomeris controls on this point, although that case, following the established rule of sovereign immunity from tort liability, may have been overruled sub silentio by Spencer v. General Hospital of District of Columbia, U.S.App.D.C. (No. 21,493 decided November 10, 1969) (en banc). The case before us, in distinction, involves a suit in contract; we therefore do not believe that the rule in Spencer, designed to cover those situations in which the municipality wrongfully inflicts some injury on a person, has any application to our problem. Cf. United States v. 93 Court Corp., 350 F.2d 386, 388–389 (2d Cir. 1965), cert. denied, 382 U.S. 984, 86 S.Ct. 560, 15 L.Ed.2d 473 (1966).

That reasoning applies with equal force here. The District of Columbia is seeking to replenish its treasury of money expended by a public instrumentality in the exercise of a public function. Recovery of the funds, which will benefit the public as a whole when applied to the continued operation of Glenn Dale Hospital, should not be made contingent upon the diligence of public servants.

Reversed and remanded for further proceedings.