**Thomas L. TURNER, Plaintiff,**

v.

**George RALSTON, Defendant.**

**No. 75–C–419.**

United States District Court,
W. D. Wisconsin.

March 5, 1976.

---

.Thomas L. Turner, pro se.

David C. Mebane, U. S. Atty. by John R. Byrnes, Asst. U. S. Atty., Madison, Wis., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for damages and injunctive relief from an alleged infringement of rights secured to plaintiff by the Constitution of the United States. Plaintiff is confined in the Federal Correctional Institution, Oxford, Wisconsin, and defendant is the warden of that Institution. Defendant has moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rules 12(b), 56, on the sole ground that this action is governed by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, and that plaintiff has failed to comply with a jurisdictional prerequisite under the Act because he has not filed a claim with the appropriate agency before bringing suit.

Congress has expressly stated what the effect of the availability of a remedy under the Federal Tort Claims Act shall be upon an action against the responsible official individually for the same wrongful conduct. A judgment against the United States under the Act bars a later suit against the individual federal employee whose act or omission gave rise to the liability of the United States. 28 U.S.C. § 2676 (1970). Moreover, the Act is the exclusive remedy for injuries caused by automobile accidents for which federal employees are responsible. 28 U.S.C. § 2679(b) (1970).

Unless recovery is had from the United States or the liability arises from an automobile accident, "[t]he Tort Claims Act does not touch the liability of the [federal] employees . . . ." *United States v. Gilman,* 347 U.S. 507, 509, 74 S.Ct. 695, 696, 98 L.Ed. 898, 901 (1954). An injured person in a non-automobile case may at his option sue the federal official responsible for the injury instead of or in addition to the government. *See, e. g., Henderson v. Bluemink,* 167 U.S.App.D.C. 161, 511 F.2d 399, 403–04 (1974); *Uptagrafft v. United States,* 315 F.2d 200, 201 (4th Cir. 1963); *Byrd v. Warden,* 376 F.Supp. 37, 41 (S.D. N.Y.1974). In fact, a judgment against the individual officer does not preclude a later action against the United States, although double recovery is impermissible. *Adams v. Jackel,* 220 F.Supp. 764, 766 (E.D.N.Y.1963).

The Tort Claims Act by its terms applies only when the action is against the United States. 28 U.S.C. § 1346(b) (1970). The responsible official may not be joined with the United States in an action under the Act. *Wil-*

*liams v. United States,* 405 F.2d 951 (9th Cir. 1969). Therefore, 28 U.S.C. § 2675(a) (1970), which requires presentation of the claim to the appropriate agency as a precondition to an action against the United States, does not apply where the action is against the individual federal official.

■ Since the availability of a remedy against the United States under the Tort Claims Act has no bearing on a suit against the individual federal employee, I need not decide whether plaintiff would have a claim against the government for the wrong alleged in the instant complaint. *See* 28 U.S.C. § 2680(h) (Supp. IV 1974); *Zweibon v. Mitchell,* 170 U.S.App.D.C. 1, 516 F.2d 594, 605 n. 9 (1975); *see also United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

### ORDER

It is HEREBY ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction or for summary judgment is DENIED.