John MAFFEI et al., Plaintiffs,

v.

Rene NIEVES–RETA and United States
of America, Defendants.

Civ. No. 73–551.

United States District Court,
S. D. California.

March 15, 1976.

Robert A. Alexander, Jr., of Porter &
Alexander, San Diego, Cal., for plaintiffs.

Terry J. Knoepp, U. S. Atty., Carl J.
Klein, Asst. U. S. Atty., San Diego, Cal., for
defendants.

OPINION

BEEKS, Senior District Judge.

This wrongful death action, based upon
the Federal Tort Claims Act,[1] came on for

1. 28 U.S.C. § 1346(b).

trial on February 13, 1976. At the conclusion of plaintiffs' case-in-chief, defendant United States moved for dismissal pursuant to Fed.R.Civ.P. 41(b) asserting that this action must fail as a matter of law in that plaintiffs have not made out a prima facie case under California state law and further, even assuming to the contrary, the federal preemption doctrine[2] precludes recovery.

Plaintiffs allege that in the early morning of July 15, 1973, United States government personnel manning the United States border-crossing station at the Mexico-United States border permitted one Rene Nieves-Reta[3] though grossly and conspicuously intoxicated, to drive his automobile from Mexico into California where he shortly thereafter negligently struck another vehicle in Chula Vista, California, causing the death which is the subject of this lawsuit. In considering said motion the Court deems these allegations of fact established.

Plaintiffs maintain that the failure of government personnel to detect Nieve-Reta's inebriation and detain him constitutes negligence under California state law and, therefore, gives rise to liability under the Federal Tort Claims Act.[4]

Having duly considered the arguments and legal authority advanced by the respective parties, the Court finds that California state law affords no remedy against private citizens engaging in conduct the same as or analogous to the claimed negligent inaction of the United States in this suit. This being so, plaintiffs' action cannot succeed, and the Court need not consider the alternative constitutional ground argued by the United States.

It is elementary that liability for negligence cannot obtain absent proof establishing a legal duty running from defendant to plaintiff (or, as here, one whose interests plaintiffs represent) and a breach thereof. Here, proceeding under the Federal Tort Claims Act, the duty inquiry concerns the legal responsibilities imposed by state law upon its private citizens. Clearly, California does not apply legal sanctions to private citizens who fail to recognize and take steps within their power to render harmless intoxicated motorists. Nor am I persuaded that the more methodical "policy consideration" approach to tort liability recently finding favor in California state courts yields a different result.[5]

---

**2.** *See, e. g., Hines v. Davidowitz,* 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

**3.** Mr. Nieves-Reta is a Mexican citizen and a named defendant against whom plaintiffs have obtained an order of default. He did not appear, nor was his liability adjudicated, at trial.

**4.** Plaintiffs' alternative theory of liability is based upon the allegedly negligent failure of the United States Immigration and Naturalization Service to promulgate sufficiently restrictive rules and regulations governing the issuance of nonresident border-crossing passes of the type allegedly used by Nieves-Reta on the day of the accident. This theory is without merit, and the Court so held at trial. The complained-of issuance of a border-crossing pass to Nieves-Reta occurred some ten years prior to the subject accident and was, therefore, too remote in time as well as causal connection to support a finding of liability. Furthermore, to the extent that plaintiffs rely on transactions which took place in Mexico where said pass was applied for and ultimately received, the action is foreclosed by 28 U.S.C. § 2680(k). Finally, the discretion inherent in the formulation of federal immigration policy is

not, in any case, amenable to attack under the Federal Tort Claims Act. *See Henderson v. Bluemink,* 167 U.S.App.D.C. 161, 511 F.2d 399, 401–02 (1974).

**5.** *See, e. g., Rowland v. Christian,* 69 Cal.2d 108, 443 P.2d 561, 70 Cal.Rptr. 97 (1968); *Dillon v. Legg,* 68 Cal.2d 728, 441 P.2d 912, 69 Cal.Rptr. 72 (1968); *Derrick v. Ontario Community Hospital,* 47 Cal.App.3d 145, 120 Cal. Rptr. 566 (1975). *See generally* 4 WITKIN, SUMMARY OF CALIFORNIA LAW, TORTS § 494 (8th ed. 1974). In reaching my decision I am mindful of the particular policy considerations set out in *Rowland, supra,* 69 Cal.2d 108, 443 P.2d at 564, 70 Cal.Rptr. 97, and I have especially noted the remoteness of the connection between the alleged conduct attributable to the United States and the subsequent death, the absence of significant moral blame attaching to such conduct, and the likelihood of increasingly protracted, inefficient border inspection stops with only tenuous safety benefits to the public should the United States personnel be subjected to the contended liability.

Accordingly, plaintiffs' causes of action against the United States are dismissed, and the Clerk is directed to enter judgment of dismissal with prejudice and with costs in favor of the United States.