Robert C. **BUTLER**

v.

Harry **MANSFIELD**, United States Marshal.

Civ. No. 3–78–91.

United States District Court, E. D. Tennessee, N. D.

May 1, 1978.

Robert C. Butler, pro se.

John Cary, U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This action is brought against the United States pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for injuries the plaintiff allegedly suffered while incarcerated in the Knox County Jail. Jurisdiction is alleged under 28 U.S.C. § 1346(b), which governs certain claims against the United States for money damages. This case was filed in the Middle District of Tennessee on the pauper's oath and was transferred to this Court in accordance with 28 U.S.C. §§ 1402(b) and 1404(a). Reference is made, for the facts of the incident out of which this case arose, to a memorandum in an accompanying case. *Butler v. Jenkins*, No. 3–78–90, 450 F.Supp. 574 (E.D.Tenn. April 28, 1978). Briefly, the plaintiff's theory in this case is that the defendant acted negligently in assigning an inmate to the Knox County Jail, and in failing to exercise proper supervision over said inmate.

The Court is of the opinion that this action must be dismissed. The Federal Tort Claims Act provides that presentation of the claim at issue to the appropriate federal agency is a precondition to an action against the United States. 28 U.S.C. § 2675(a). This administrative claim procedure is jurisdictional and requires dismissal upon failure to comply. *See Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974). It is clear from the pleadings that no administrative claim has been presented in this case. Furthermore, this case could not properly be viewed as embodying a claim against the individual defendant. *Cf. Turner v. Ralston*, 409 F.Supp. 1260 (W.D.Wis.1976).

For the foregoing reasons, it is ORDERED that this action be, and the same hereby is, dismissed.

Order Accordingly.