**Albino TREHO and Judy Treho, Plaintiffs,**

**v.**

**UNITED STATES of America, Bureau of Indian Affairs, the Walker River Paiute Tribe, the Court of Indian Offenses for the Walker River Paiute Tribe, Manuel Sabori, Leland Johnson and John Doe, Defendants.**

**Civ. No. R–77–0229 BRT.**

United States District Court,
D. Nevada.

Dec. 15, 1978.

G. C. Backus, Reno, Nev., for plaintiffs.

B. Mahlon Brown, U. S. Atty. by Shirley Smith, Asst. U. S. Atty., Reno, Nev., for defendants.

## ORDER DISMISSING COMPLAINT

BRUCE R. THOMPSON, District Judge.

The plaintiffs Albino Treho and Judy Treho are husband and wife. Albino is an American citizen of Mexican ancestry. Judy is an American citizen, a Paiute Indian. They live in a residence within the boundaries of the Walker Lake Indian Reservation. The exact status and vestiture of the title to the residence is unclear in the present record, but plaintiffs did have lawful possession and occupancy of the residence.

The defendants are: (1) The United States of America, (2) The Bureau of Indian Affairs, (3) The Walker River Paiute Tribe, (4) Donald K. Pope, the duly appointed judge of the tribal court, (5) Randy Varain, Manuel Sabori and Leland Johnson, Indian policemen employed by the Bureau of Indian Affairs.

The plaintiffs complain of an unlawful search of their home on September 29, 1977. A search warrant had been issued by Judge Pope on information furnished by Officer Varain. The search was made and search warrant executed by Officers Sabori and Johnson. Many firearms were examined and their serial numbers recorded, but only one rifle was seized. Allegedly it was identified as a stolen gun. A motion for return of seized property was filed with Judge Pope and denied. No criminal charge against either plaintiff has been instituted. Plaintiffs have not regained possession of the seized firearm.

The search warrant, while not a model, is regular on its face and adequate to authorize the officers to conduct the search. The proceedings to obtain the warrant were irregular inasmuch as the complaint for the warrant was not signed by Varain, the complaining witness or applicant as required by 25 C.F.R. 11.13 and 11.16. The search pertained to a codified offense under the Code of Indian Tribal Offenses, 25 C.F.R. 11.47, receiving stolen property, and the jurisdiction of the Court of Indian Offenses extends to all territory within the reservation boundaries, including all patented lands. 25 C.F.R. 11.2(c).

This action is presently before the Court on plaintiffs' motion for partial summary judgment and on defendants' motion to dismiss. The latter is also treated as a motion for summary judgment under Rule 12(b) F.R.C.P. inasmuch as matters outside the pleadings have been presented and relied upon.

The action must be dismissed as against the United States and the Bureau of Indian Affairs, an agency of the United States, because of sovereign immunity. Plaintiffs have attempted to assert a *Bivens* type cause of action (*Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619, 1971) and expressly renounce any reliance on the Federal Tort Claims Act. They ignore the fact that in 1974 Congress amended the Federal Tort Claims Act, 28 U.S.C. sec. 2680(h), expressly to take care of the *Bivens* type situation. See, 1974 U.S. Code Congressional and Administrative News, Vol. 2, p. 2789.

Thus the sole remedy against the United States is under the Federal Tort Claims Act (full compliance with the procedural conditions precedent in the Act are required and are absent here) and sovereign immunity bars a general claim for relief for an alleged constitutional deprivation.

▪ Plaintiffs' counsel argues that the 1976 amendment to 28 U.S.C. 1331(a) authorizes this action under the federal question jurisdiction of the Court. The amendment added the proviso: "except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity." This amendment to section 1331 must be read with the amendment to Title 5 U.S.C. sec. 702 included in the same act of Congress. The legislative history clearly shows that the elimination of the section 1331 jurisdictional amount requirement was intended to apply only to actions against the government, its agencies and officers seeking relief other than money damages.*

▪ The action against Judge Donald K. Pope must be dismissed because he acted in the performance of his judicial duties and is immune from actions for damages. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

Finally, we have for consideration the three Indian officers Varain, Sabori and Johnson. Only the Federal Drivers Act, incorporated into the Federal Tort Claims Act (28 U.S.C. 2679(b)) insulates the federal employees from tort liability in certain circumstances. In this case, the tortious misconduct alleged does not arise out of the operation of a motor vehicle, and if a *Bivens* type cause of action is allegeable against the federal officers for damages in excess of $10,000, this Court has jurisdic-

tion. *Turner v. Ralston,* 409 F.Supp. 1260 (W.D.Wis.1976); *Crain v. Krehbiel,* 443 F.Supp. 202 (N.D.Cal.1978); *Butler v. Mansfield,* 452 F.Supp. 303 (E.D.Tenn.1978). There is also a possibility that if plaintiffs can identify, by interrogatory, which if any federal officer has possession of the firearm which they seek to recover, they may request relief in the nature of a writ of replevin or mandamus which would not involve a jurisdictional amount under 28 U.S.C. 1331 and 5 U.S.C. 702.

▪ The perimeters of a *Bivens* type cause of action have not as yet been judicially determined. The case law generally supports the thesis that there must be an intentional, and perhaps aggravated and flagrant, violation of a victim's constitutional rights to support an action for damages to be inferred as a necessary and appropriate remedy for recognition and support of a constitutional guaranty. The need and appropriateness for other types of relief, such as a writ of mandamus or injunction, is more easily inferred and may be applied in less flagrant circumstances.

▪ Further, an officer who has acted in good faith and with the belief that his conduct is right and legal and who does so reasonably has a complete defense to an action for damages. This is both a subjective and objective test.

Thorough discussions of varying aspects of a *Bivens* type cause of action are found in the following law review articles: "Of Rights and Remedies, The Constitution as a Sword", 85 Harvard Law Review 1532; "The Federal Tort Claims Act Intentional Torts Amendment: An Interpretative Analysis", 54 North Carolina Law Review 497; "Bivens and its Progeny: The Scope of a Constitutional Cause of Action for Torts Committed by Government Officials",

---

* "Congress has made great strides toward establishing monetary liability on the part of the Government for wrongs committed against its citizens by passing the Tucker Act of 1875, 28 U.S.C. sections 1346, 1491, and the Federal Tort Claims Act of 1946, 28 U.S.C. section 1346(b). S.800 would strengthen this accountability by withdrawing the defense of sovereign immunity in actions seeking relief other than money damages, such as an injunction, declaratory judgment, or writ of mandamus. Since S.800 would be limited only to actions of this type for specific relief, the recovery of money damages contained in the Federal Tort Claims Act and the Tucker Act governing contract actions would be unaffected." 1976 U.S. Code Congressional and Administrative News, p. 6121 at 6124–5.

4 Hastings Constitutional Law Quarterly 531. See: *Bivens v. Six Unknown Named Agents*, 456 F.2d 1339 (2nd Cir. 1972).

 There is no disputed issue of material fact in this record regarding the liability of the officers who executed the search warrant, Sabori and Johnson. They acted reasonably and in good faith pursuant to a warrant issued by an authorized judicial officer. Plaintiff Judy Treho, who was present at the time, does not contend to the contrary. The contentions that the warrant was irregularly issued (true), was not supported by a showing of probable cause (true), was issued in support of an investigation of an offense allegedly committed by a non-Indian (true) and was issued for the search of premises not within the territorial jurisdiction of the tribal court (false) are all irrelevant to a determination of whether summary judgment should be granted in favor of these two officers. Their defense under *Bivens*, supra, is established without factual dispute.

No claim for relief against defendant Varain has been alleged in the complaint. The record shows that he supplied information to Judge Pope on the basis of which the search warrant was issued. The complaint alleges that Varain acted with malice and with intent to invade plaintiffs' privacy. It also alleges that all defendants have slandered plaintiff Albino Treho and have "spread the word" that he is an "illicit gun runner and radical revolutionary." Whatever juridical consequences these allegations may have in a state court in support of a common law cause of action, they are not cognizable as sustaining a claim under 28 U.S.C. 1331(a) as one arising under the Constitution and laws of the United States.

In consideration of the premises,

*IT HEREBY IS ORDERED:*

1. The motions of defendants United States of America, The Bureau of Indian Affairs, and The Walker River Paiute Tribe to dismiss this action are granted.

2. The motions of defendants Donald K. Pope, Randy Varain, Manuel Sabori and Leland Johnson for summary judgment are granted.

3. Within twenty days plaintiffs, if so advised, may file an amended complaint against a federal officer having possession or control of the same, for return of the seized firearm.