**Lowell M. COFFEY, Plaintiff,**

v.

**The DEPARTMENT OF DEFENSE, et al., Defendants.**

**Civ. A. No. 81–0080.**

United States District Court, District of Columbia.

July 30, 1981.

Richard D. Heideman, Louisville, Ky., Robert P. Schuster, Jackson, Wyo., for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty., Paul F. Figley, Dept. Justice, Washington, D. C., for defendants.

## MEMORANDUM

CURRAN, Senior District Judge.

On September 14, 1979, plaintiff filed this action in United States District Court for the Western District of Kentucky alleging that he contracted multiple myeloma, a rampant form of cancer, from exposure to Agent Orange. Agent Orange was a highly toxic chemical defoliant used in the Vietnam War. In his original and amended complaints he sued the Department of Defense, the Department of the Army and several former Secretaries of Defense and of the Army. He sought damages of $13,-050,000. On June 18, 1980, Judge Charles M. Allen of the Western District of Kentucky applied the doctrine of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and dismissed defendants the Department of Defense, the Department of Army, and the heads of these agencies who were sued in their official capacities. Judge Allen allowed the case to go forward only against former Secretaries of Defense Melvin R. Laird, and Elliot L. Richardson and former Secretary of the Army Stanley R. Resor. These defendants are being sued in their individual capacities and would be personally liable for any judgment against them. The court also dismissed several claims for relief, and the case now stands as an action for various intentional torts committed in violation of the due process clause of the Fifth Amendment of the United States Constitution.

Upon motion to dismiss for improper venue, the case was transferred to this circuit in January, 1981. The defendants have now moved this court for dismissal under Rule 12 of the Federal Rules on the grounds that the court lacks jurisdiction over the persons of the defendants, there is insufficiency of process, there is insufficiency of service of process, and the amended complaint fails to state a claim upon which relief can be granted. Only the validity of the cause of action will be considered by the court.

In recent years the principle of intra-military immunity has consistently barred any cause of action for damages between servicemen and their superior officers in this district court. *Misko v. United States*, 453 F.Supp. 513 (D.D.C.1978), *Thornwell v. United States*, 471 F.Supp. 344 (D.D.C. 1979), and *Nagy v. United States*, 471 F.Supp. 383 (D.D.C.1979). These cases involved questions of medical malpractice and experimental administration of drugs such as LSD. They also pleaded Fifth Amendment violations of Constitutional rights. This court follows these cases but finds that the combat conditions of Vietnam distinguish this case from the above. Although the United States was not officially at war, thousands of men were injured and killed during the Vietnam conflict. This court finds the protection of intra-military immunity absolutely necessary for those in command during a period of military combat.

Accordingly, defendants' motion to dismiss is granted.