**DONALD A. WILLIAMS, Plaintiff**

v.

**IRWIN J. SILVERLIGHT AND THE VIRGIN ISLANDS GOVERNMENT, ST. CROIX, Defendant**

Civil No. 246/81

District Court of the Virgin Islands

Div. of St. Croix

January 12, 1982

DONALD WILLIAMS, Frederiksted, St. Croix, V.I., *pro se*

ROLAND B. SCOTT, ESQ., Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

Plaintiff, Donald Williams, acting pro se, brings this action against the Hon. Irwin J. Silverlight and the Government of the Virgin Islands, alleging that Judge Silverlight and eight other people unlawfully trespassed on his property. Plaintiff's present claim arises from actions taken by Judge Silverlight during the conduct of a nonjury trial of a civil tort action instituted by plaintiff in this Court last year.

In that earlier 1981 action, plaintiff sued two individual defendants for damage done to certain mango trees on his property. During the trial thereof, Judge Silverlight granted defendants' motion to view the premises in question and he, along with eight others, viewed Mr. Williams' property. Thereafter, Judge Silverlight returned to Court and granted defendants' motion to dismiss Mr. Williams' complaint.

Mr. Williams then filed this action, claiming that Judge Silverlight was responsible for the trespass of eight people on his property. He alleges that such visit to the property was without his permission and contrary to applicable laws of the Virgin Islands and the Constitution of the United States.

An answer was filed on behalf of the Judge, and a motion for summary judgment, per Rule 56 of Fed. R. Civ. P. was duly filed, with affidavits as well as that portion of the record of the proceedings in the previous action which applied to the question of viewing the property. On January 4, 1982, the time defendant Silverlight's motion was argued, the Government of the Virgin Islands had not yet been served, and the motion was made only on behalf of Judge Silverlight individually. The motion and argument presented by counsel for defendant Silverlight urged dismissal on the basis of an overriding immunity accorded Judge Silverlight in his judicial capacity, and the right accorded him under Virgin Islands law to order the viewing of property. No response was filed by Mr. Williams, although he appeared and was heard at oral argument. The motion, as to Judge Silverlight, will be granted for the reasons stated herein.

## I. The Right to View the Premises

The circumstances under which the Judge decided, as the finder of fact in a nonjury trial, to inspect Mr. Williams' property is undisputed. Edward J. Ocean, Esq., as attorney for the defendants in that action, stated in an affidavit that he had moved that the Court inspect the premises before deciding defendants' motion for dismissal of Mr. Williams' case. The record reflects no opposition to that motion by Mr. Williams.

At oral argument, Mr. Williams stated that he was afraid that if he opposed the motion, he would have been held in contempt of court. Mr. Williams is a frequent litigant before the Courts, both Territorial and District, and he has never before shown a reluctance to claim all rights he considered to be his. It is hard to accept his argument that fear of contempt formed the basis for his silence at

that time. Notwithstanding, the foregoing, there is express statutory authority pursuant to 5 V.I.C. § 352 for the Court to inspect property, and even if Mr. Williams had objected, the Court could have lawfully granted the motion.

■■ Section 352 speaks in terms of providing for inspection by "the jury", but it seems clear that the intent is for the fact finder, whether Court or jury, to view the property, which is the subject of litigation, at the discretion of the Court. That was done on this occasion. Mr. Williams does not claim that the inspection of the premises caused any damage to the property itself. He reiterated at oral argument the assertion contained in his complaint that his damages were consequential, i.e., stress, tension, sleepless nights, palpitation and loss of memory. Since the Court had the specific right by statute to inspect property which was the subject of litigation, Mr. Williams cannot now complain of trespass when that statute is invoked. It may well be, in addition, that Mr. Williams, by bringing the initial action concerning his property, waived any objection to the finder of fact inspecting that property in furtherance of his judicial duties.

## II. Judicial Immunity

■ Defendant Silverlight also raises the defense of immunity from suit while in the furtherance of his judicial duties. It is a well settled common law principle that a judge is immune from liability for damages for his judicial acts. Bradley v. Fisher, 13 Wall. 335 (1872). All judicial acts do not take place in the courtroom. In the earlier case in this Court, the judicial act extended to the inspection of Mr. Williams' property. Even in those instances where a judge authorizes a search warrant for the express purpose of entering upon property, he is immune. Treho v. United States, 464 F.Supp. 113 (D. Nev. 1978).

The question must still be answered, however, as to whether a judge's immunity extends to claims under the broadened interpretation of 42 U.S.C. § 1983, a statute which provides a civil remedy for deprivation of civil rights by persons acting under color of state law. While Mr. Williams did not allege an action under § 1983 specifically, his complaint should be read in its broadest form, and on such a reading, the possibility of a § 1983 allegation does exist. Even in that respect, however, Mr. Williams is not able to pierce the judicial immunity accorded Judge Silverlight. Pierson v. Ray, 386 U.S. 547, 554 (1967). See also Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966) and cases cited therein. Accord, Guedry v. Ford, 431 F.2d 660, 663 (5th Cir. 1970).

5

For all of the reasons cited herein, the action against the Hon. Irwin J. Silverlight will be dismissed. The Government of the Virgin Islands not having been served or appeared thus far, the complaint will stand as against that entity.

## JUDGMENT

THIS MATTER is before the Court on motion of the Hon. Irwin J. Silverlight, Defendant, by his attorney Roland B. Scott, Jr., Esq., for summary judgment dismissing the action as against him. For the reasons cited in the Memorandum Opinion of even date herewith, and the premises considered, it is

ORDERED, ADJUDGED AND DECREED:

THAT, the motion be, and the same is, granted, and the complaint, as against the Hon. Irwin J. Silverlight, be, and the same hereby is, DISMISSED, with prejudice.