FATU TEVASEU and PIO TAUASOSI, Plaintiffs

v.

AMERICAN SAMOA GOVERNMENT, THE COMMISSIONER
OF PUBLIC SAFETY, and TAAI GALOIA, LANU MAPU,
FOTU LEUTA, TOO LEAUPEPE, MAU MAU JR., NIKOLAO
PETELO, TAUAI, and other unnamed defendants,
individually and in their capacities as employees
the American Samoa Government, Defendants

High Court of American Samoa
Trial Division

CA No. 88-87

July 8, 1987

Before KRUSE, Associate Justice, AFUOLA, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiffs, Asaua Fuimaono
For Defendants, Martin Yerick, Assistant Attorney General

Plaintiffs herein have filed an action in damages against the American Samoa Government, the Commissioner of Public Safety, and several named Officers of the Department of Public Safety. Defendants have filed a motion seeking to:

(a) have the Commissioner and named officers stricken as party defendants; and

(b) to dismiss the complaint for failure to state a claim.

MOTION TO STRIKE:

The defendants argue that the complaint has been filed under the Government Tort Liability Act (GTLA) and pursuant to A.S.C.A. § 43.1207 thereof, the remedy provided against the government is exclusive so as to bar suit against employees of the government whose acts or omissions gave rise to the claim. The provision cited is not apposite[1] and defendants would do better to look to A.S.C.A. § 43.1211(a).

This enactment provides that the remedy by suit against the government under the provisions of GTLA, and arising by reason of the acts or omissions of a government employee, while acting under the scope of employment, shall be exclusive

---

[1] This enactment speaks of "judgment" against, or payment of the claim by, the government, which bars suit against the employee. It proscribes double recovery and not suit against the individual government employee in the first instance. Moananu v. ASG, CA No. 133-85 (1986), citing Henderson v. Bluemink, 511 F.2d 399 (D.C. Cir. 1974), for comparable federal experience with the corresponding provision in the Federal Tort Claims Act.

-11-

of any other civil action or proceeding against such employee.

While this provision has the practical effect of rendering a government employee immune from suit if an action is availed under the GTLA, such immunity is available only in the case where the employee is "acting within the scope of his office or employment". This is a factual question open on the pleadings for determination, and theoretically, suit against the individual government employees before the Court is available if it is the case that the said employees' acts or omissions complained of were made outside the scope of employment.

Accordingly it is concluded that a case against the individual employees is stated, and the motion to strike denied.

### FAILURE TO STATE A CLAIM

Defendants' position here is that plaintiffs' claims for false arrest are barred by statute, specifically A.S.C.A. § 43.1203(b)(5). At least as it implicates the government, the statement is valid in vacuo, but defendants' characterization of plaintiffs' action as one for false arrest is far from conclusive at this stage. In the light of the liberal rules of pleadings, the complaint alleges facts which seem to admit treatment of the claim(s) as coming within the non-excepted categories of the GTLA.

Defendants further attempt to bolster argument by saying that plaintiffs have not availed themselves of a Bivens type cause of action, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and that no constitutional provisions are cited in the complaint. The Court is uncertain as to the intended impact of the reference, but if an alternative cause is being suggested, paragraph 13 of the complaint alleges wrongful imprisonment of plaintiff Tevaseu in violation of his constitutional rights. It would seem that the complaint sufficiently notices such cause.

The motion is denied.

It is so ORDERED.