**Jill A. ANTOINE, and Gregory A. Antoine, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 91–0720(RCL).**

United States District Court, District of Columbia.

Jan. 31, 1992.

Jack H. Olender, Harlow R. Case, Gary S. Freeman, Sandra H. Robinson, Kim M. Keenan, Washington, D.C., for plaintiffs.

William J. Dempster, Asst. U.S. Atty., Washington, D.C. (Maj. John L. Charvat, Jr., Dept. of Army, Office of Judge Advocate, Litigation Div., TOA Branch, Arlington, Va., of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

On April 5, 1991, plaintiffs filed a complaint with this court seeking damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, for injuries allegedly resulting from negligent medical care provided by employees of the United States Army. The case comes before the court on defendant's motion to dismiss. Upon consideration of defendant's memorandum of points and authorities in support of its motion to dismiss, plaintiffs' memorandum of points and authorities in opposition, and defendant's reply, defendant's motion to dismiss will be granted.

## FACTS

Plaintiff Major Jill Antoine is an active duty Army officer assigned to the Walter Reed Army Medical Center (WRAMC). Major Antoine has been on active duty continuously since March 1985. Motion to Dismiss (Motion), Attachment 1 at ¶ 3. As an active duty Army officer, Major Antoine was and is entitled to medical care and treatment in military medical facilities, including WRAMC. *Id.* at ¶ 4. In September of 1988, while stationed at WRAMC and assigned to duty at Fort Myer, Virginia, Major Antoine underwent an MRI[1] scan for her back and neck at WRAMC as part of treatment for back pain she was experiencing. Plaintiffs' Memorandum of Points and Authorities in Opposition to Motion to Dismiss (Opposition) at 1. The subsequent MRI report stated that Major Antoine had a mass in her neck on which

---

1. Magnetic Resonance Imaging (MRI)—a diagnostic imaging modality, using nuclear magnetic resonance technology ... to produce an image ... of tissues ..., Stedman's Medical Dictionary 764 (25th ed. 1990).

follow-up using ultrasound was recommended. *Id.* Plaintiffs allege the examining physician failed to inform them of the findings and recommendations of the MRI report. *Id.*

The mass was later found to be malignant cancer of the thyroid for which Major Antoine underwent a radical thyroidectomy and chemotherapy. *Id.* Plaintiff Major Jill Antoine subsequently brought this action for pain, suffering, mental anguish and loss of earnings. Complaint at ¶ 12. Plaintiff Gregory Antoine (plaintiff Jill Antoine's husband) then joined in this action for loss of consortium and loss of the services of his wife. Complaint at ¶ 14. Plaintiffs bring their claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* The defendant subsequently filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R.Civ.P. for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted.

## ANALYSIS

### A. The Feres Doctrine

■ The issue to be resolved in this case is whether this Court has subject matter jurisdiction over a claim, brought under the FTCA, in which an active duty Army officer asserts that she was injured because of negligent Army medical care. Defendant argues that plaintiffs' claim is barred by application of the *Feres* doctrine which states that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to military service." *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

Plaintiffs argue, first, that although *Feres* controls in this case, "[it] is simply unfathomable that obtaining a technical diagnostic procedure for a condition completely unrelated to service in the military could be considered an 'activity incident to service' in the armed forces." Opposition at 2. Here, since all parties to the action agree that the *Feres* doctrine applies, all that is left for the Court to determine is whether the activity, in which plaintiff was engaged at the time of her injury, is in fact considered "incident to service" within the meaning of *Feres*.

### B. The "Incident to Service" Test

■ As defendant points out, both of the companion cases decided along with *Feres* involved suits against the Government by active duty military personnel for medical malpractice which arose out of medical care provided by military hospitals. Motion at 13. On this point of law, the Fourth Circuit held that although "active duty status, standing alone, is insufficient to invoke the *Feres* doctrine's bar (*See e.g. Pierce v. United States*, 813 F.2d 349 (11th Cir.1987); *Johnson v. United States*, 704 F.2d 1431 (9th Cir.1983)) [,] ... the fact that [plaintiffs'] injury occurred as a result of medical treatment by military doctors, ... conclusively demonstrates that the injury was 'incident to service.'" *Appelhans v. United States*, 877 F.2d 309, 311 (4th Cir.1989). This Court agrees with Fourth Circuit.

The other Circuit Courts also agree with this reasoning and have consistently held that because the injured individual "could not have been admitted, and would not have been admitted, to the [military] [h]ospital except for his [or her] military status ... it inescapably follows that whatever happened to him [or her] in that hospital and during the course of treatment had to be 'in the course of activity incident to service.'" *Stutts v. United States*, 421 F.2d 170 (5th Cir.1970). *See, e.g., Rayner v. United States*, 760 F.2d 1217, 1219 (11th Cir.1985) (The provision of benefits to soldiers because of their status as military personnel is considered "activity incident to service."); *Madsen v. United States*, 841 F.2d 1011, 1014 (10th Cir.1987) ("once it is determined that a service member ... was on active duty during the time military medical was rendered, the treatment is necessarily incident to service and judicial inquiry ends."). This Court, in fact, held that in "case[s] involv[ing] tortious acts against an active duty serviceman which are alleged to have occurred solely at the hands of military doctors working at military

medical facilities and performing official duties ... in itself is a sufficient basis on which to invoke *Feres* immunity." *Misko v. United States,* 453 F.Supp. 513, 514 (D.D.C. June 22, 1978).

In the case before the Court, there is no dispute that plaintiff Jill Antoine is bringing a tort claim against the Government for injuries alleged to have occurred due to the negligence of military doctors working at military medical facilities and performing official duties. Thus, it necessarily follows that the Government is not liable for any injuries stemming therefrom by application of the *Feres* doctrine.

### C. Necessity of the Feres Rationales

The plaintiff then argues in the alternative that *Feres* does not control because "none of the rationales underlying the *Feres* doctrine apply in this case." Opposition at 5. This Court disagrees. The Supreme Court has recently rejected the notion that inquiry beyond the determination that the injuries in question were sustained "incident to service" is required to invoke the *Feres* bar. *United States v. Stanley,* 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987). In *Stanley,* the Court stated that "[a] test for liability that depends upon the extent to which particular suits would call into question military discipline and decision making would itself require judicial inquiry into, and hence intrusion upon, military matters." *Id.* at 682, 107 S.Ct. at 3063. That Court said further that "the mere process of arriving at correct conclusions would disrupt the military regime." *Id.* at 683, 107 S.Ct. at 3063. The Court went on to say "[t]he 'incident to service' test, by contrast, provides a line that is relatively clear and that can be discerned with less extensive inquiry into military matters." *Id.* at 683, 107 S.Ct. at 3063.

Thus, this Court's inquiry stops at a finding that the activity, in which an active duty service member was engaged when injured, was "incident to service." Finally, plaintiffs concede that plaintiff Gregory A. Antoine's claim is derivative to plaintiff Jill A. Antoine's and is, thus, also barred by the application of the *Feres* doctrine. *See*

*e.g., Lombard v. United States,* 690 F.2d 215 (D.C.Cir.1982), *cert. denied,* 462 U.S. 1118, 103 S.Ct. 3086, 77 L.Ed.2d 1347 (1983).

### CONCLUSION

In summary, use of military medical facilities, by itself constitutes activity "incident to service" sufficient to invoke the *Feres* doctrine's bar to the bringing of a tort claim under the FTCA, by a member of the United States military against the Government. Consequently, this Court lacks jurisdiction to adjudicate, on its merits, the claim now before it. For these reasons, this Court finds for the defendant in granting the motion to dismiss plaintiffs' claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P. It is so ordered.

This case now stands DISMISSED WITH PREJUDICE.

SO ORDERED.